NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
F I L E D

AUG 3 1 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-244-KSF

RAYMOND L. MORGAN, JR.                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

JOSEPH BOOKER, Warden                                    RESPONDENT

* * * * * *

Raymond L. Morgan, Jr., an individual presently confined at the Federal Medical Center (FMC) in Lexington, Kentucky, has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 District Court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

CLAIMS

The petitioner claims that the Bureau of Prisons (BOP) is computing good conduct time credits for prisoners, including himself, at a maximum rate of 47 days per year, which (1) contravenes the clear language of the statute which provides up to 54 days of annual good conduct

time, 18 U.S.C. §3624(b); (2) is contrary to Congress' intent when it passed the statute with the exact

number, 54 days, in it; (3) is inconsistent with use of the phrase "term of imprisonment"elsewhere;

(4) is not entitled to deference; (5) calls for the rule of lenity in interpreting the statute's construction;

and (6) violates the equal protection and due process guarantees in the U.S. Constitution of the

United States.

## ALLEGATIONS OF THE PETITION

The petitioner has submitted a petition with an attached memorandum of law [Record No.

1], wherein he makes the following allegations.

The petitioner alleges that since January 16, 2001, he has been serving a 115-month sentence

handed down in the United States District Court for the Eastern District of Wisconsin, but the BOP

is not giving him all the good conduct time ("GCT") credits to which he is entitled.  The petitioner

specifically alleges that the BOP is misinterpreting the language of the GCT statute, 18 U.S.C.

§3624(b), in construing it to allow an award of only 47 days annually, not the 54 days per year

clearly set out therein.  The result for him is a total possible award of 450 days and a projected

release date of December 18, 2006.  If the 54-day amount were applied to the length of his sentence,

however, he would be entitled to a total 517 days of good conduct time and a release date 67 days

earlier.

The petitioner sought relief first by pursuing the matter through the BOP administrative

remedy process, to exhaustion, and he has attached the documents exchanged in that unsuccessful

process.  A review of them reveals that he made the same claims before the BOP as he has made

herein (See "Claims," *supra* at 1-2), and he relied upon a district court case which he has also relied

upon herein, *White v. Scibana*, 314 F.Supp.2d 834 (W.D.Wis. 2004).  In *White*, the district court

2

granted the relief requested, directing the warden "to recalculate petitioner's good conduct time on the basis of each year of his *sentence* rather than on time actually served." *Id.* at 842. The BOP's administrative responses include an explanation as to how the calculations are made, consistent with the Program Statement; the rationales for such interpretation; and references to two Sixth Circuit cases wherein this petitioner's claims were rejected. Moreover, they pointed out that the *White* case is on appeal.

The petitioner has attached to this petition copies of two more recent district court opinions using the same rationales and reaching the same result in favor of the prisoner, as in *White*. He asks the Court to follow *White, Moreland v. Federal Bureau of Prisons*, 363 F.Supp.2d 882 (S.D. Tex. 2005), and *Williams v. Dewalt*, 351 F.Supp.2d 412 (D. Md. 2004).

## DISCUSSION

The Court is familiar with the statute and the petitioner's arguments about its construction.[1]

18 U.S.C. §§3624(b), the statute wherein Congress has provided good conduct time (GCT) for prisoners, reads as follows:

(b) Credit toward service of sentence for satisfactory behavior.
(1) ... [A] prisoner who is serving a *term of imprisonment* of more than 1 year ... may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's *term of imprisonment*, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations .... [I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such

---

[1]     These same arguments attacking the BOP's interpretation of §3624 have been filed in this Court by other prisoners who are confined in the instant petitioner's place of imprisonment, *e.g., Brown v. Booker*, Lexington 04-CV-486-KSF, and also by inmates in other federal prisons in the Eastern District of Kentucky, *e.g., Taniguchi v. Federal Bureau of Prisons*, Pikeville 05-CV-152-KKC.

institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the *term of imprisonment* shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. §§3624(b) (emphasis added).

Briefly stated, the petitioner contends that by using the phrase "term of imprisonment," an unambiguous term of art used elsewhere in the legislation, Congress meant "the sentence imposed" by the sentencing Court; therefore, he is entitled to the length of his sentence in years, multiplied by 54 days. However, the BOP has interpreted the same statutory language to mean "the time actually served," and under the BOP's interpretation, a prisoner's award is less annually because an inmate will not actually serve his full sentence in any year if he earns GCT for that year. The BOP promulgated 28 C.F.R. §523.20, to reflect its interpretation as time actually served; the regulation provides for the §3624(b) award, as follows:

an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

28 C.F.R. §523.20. *See also* Program Statement (P.S.) 5880.28, the BOP's Sentence Computation Manual, containing the method for computing GCT based on the time served.

The BOP's method of calculating prisoners' good conduct time under 18 U.S.C. §3624(b) has been challenged in several courts recently. Courts have, almost uniformly, upheld the Program Statement's method of calculation in a number of cases. As the instant petitioner was informed in the administrative remedy process, two panels of the United States Court of Appeals for the Sixth Circuit have done so in unpublished opinions, *Williams v. Lamanna*, 20 Fed. Appx 360, 2001 WL 1136069 (6th Cir. 2001) (unpublished), and *Brown v. Hemingway*, 53 Fed. Appx. 338, 2002 WL

4

31845147 (6th Cir. 2002) (unpublished).

In the latter case from the Sixth Circuit, the panel examined a Ninth Circuit opinion, *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002), and found it and the other Sixth Circuit panel's opinion in *Williams* to be "persuasive authority." Therefore, the *Brown* panel upheld the BOP's calculation method, holding that the "BOP's interpretation is reasonable in light of the statutory language." 53 Fed.Appx. 338, at *1.

The language in the *Pacheco-Camacho* opinion reveals that the petitioner made the same arguments as are made herein, and the analysis dispenses with each one by one. The Ninth Circuit found that the BOP regulation interpreting the statute as awarding GCT based upon the time actually served was reasonable, and, therefore, deferred to the BOP's interpretation. 272 F.3d at 1270.

Following the reasoning of the Ninth Circuit and its adoption by the appellate court in this circuit, this Court also defers to the BOP's interpretation of the GCT calculation and rejects the instant petitioner's identical arguments. Further, the Court notes that the approach and the conclusion of the Ninth Circuit in *Pacheco-Camacho* and the Sixth Circuit in *Williams* and *Brown* have been repeated in other district courts, *e.g.*, *Graves v. Bledsoe*, 334 F.Supp.2d 906 (W.D.Va. 2004); *Pasciuti v. Drew*, 2004 WL 1247813 (N.D.N.Y. 2004) (unpublished); and *Loeffler v. BOP*, 2004 WL 2417805 (S.D.N.Y. 2004) (unpublished).

With regard to the cases upon which the petitioner has relied, the district opinion in *White* was overturned by the Seventh Circuit in *White v. Scibana*, 390 F.3d 997 (7th Cir. December 2, 2004), *rehearing en banc denied* (February 9, 2005), *as amended* (February 14, 2005), the panel noting that only one other circuit court had addressed this statutory construction issue and that its decision was consistent with that other court, *i.e.*, the Ninth Circuit, in *Pacheco-Camacho v. Hood*,

5

272 F.3d at 1271. Similarly, with regard to the *Dewalt* decision from the United States District Court for the District of Maryland, when the Fourth Circuit was later presented with the issue, appellate court found that the BOP's interpretation of the statute was reasonable and noted that "no circuit court which has addressed this issue" has agreed with the prisoner's interpretation of the statute. *Yi v. Federal Bureau of Prisons*, 412 F.3d 526, 531 (4th Cir. 2005) (citing cases from the Seventh (*White*), Third, First, and Ninth Circuits).

As of today's date, there stands only one opinion which struck down the BOP's interpretation of the GCT statute, and broke "a long and almost unbroken line of precedent that has sustained the BOP method of computing good conduct time credit." *Germany v. Smith*, 2005 WL 428585 (M.D. Pa. 2005) (slip copy). That one opinion is the *Moreland* decision in the United States District Court for the Southern District of Texas, which the Court finds to be neither precedential nor persuasive. This Court stands with the Sixth Circuit Court of Appeals and every circuit which has addressed the issue and finds that under the afore-referenced law, the instant petitioner has failed to state a claim upon which this Court may grant relief.

The constitutional claims, addressed in a few of these cases, must also fail. The instant petitioner's broad allegations are not supported with any facts. Even *pro se* pleadings must meet some minimal pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Mr. Morgan has utterly failed to show how he has been denied equal protection under the law. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971). Nor does the petitioner explain any basis for his claim that the BOP's interpretation and corresponding GCT award deprive him of rights conferred by the due process clause of the U.S. Constitution. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Greenholtz v. Inmates of the Nebraska Penal Corr. Complex*, 442 U.S. 1, 7 (1979).

6

Therefore, the instant petitioner has again failed to state a claim upon which this Court may grant relief, and dismissal is required.                                    :

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Petitioner Morgan's petition for writ of habeas corpus is **DENIED**, *sua sponte*;

(2)     the action herein will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the respondent.

This the _29th_ day of ___August___, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE